# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

GEORGE SEPULVEDA      :
                         :

vs.                      :         C.A. No.  05-138-ML
                         :

JOSEPH SMITH         :

## MEMORANDUM AND ORDER

Mary M. Lisi, United States District Judge

Before the Court is George Sepulveda's petition challenging the restitution portion of his sentence, which has been construed as a petition for writ of error coram nobis.  For the reasons set forth below the Court denies relief.

## BACKGROUND AND TRAVEL

Following a 44-day jury trial, Sepulveda was convicted in 1997 of racketeering (in violation of 18 U.S.C. § 1962(c)), conspiracy to commit racketeering (18 U.S.C. § 1962(d)), commission of a violent crime, murder, in aid of racketeering (18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2), witness intimidation (18 U.S.C. § 1512(b)(3) and 18 U.S.C. § 2) and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), which offenses occurred in 1994 and 1995. As part of the sentence imposed by this Court on September 22, 1997, Sepulveda was ordered to make restitution, jointly and severally with three of his co-defendants, in the amount of $40,000 to Jose Mendez, the father of the murder victim.[1]

---

[1]    The other defendants liable on this restitution order were Terrence Boyd, George Perry and Hakim Davis.  The Court also sentenced Sepulveda to life imprisonment on each of the three counts of conviction for racketeering and to concurrent terms of 20 years and 10 years, on the witness intimidation and firearm counts, respectively, followed by concurrent terms of supervised release ranging from three to five years as to each count of conviction.  These portions of the sentence are not at issue here.

Sepulveda's conviction and sentences were affirmed on direct appeal, see United States v. Lara, 181 F.3d 183 (1st Cir. 1999), cert denied sub nom Sepulveda v. United States, 528 U.S. 1127 (2000).  Thereafter, Sepulveda moved for relief under 28 U.S.C. § 2255, contending that his enhanced sentence for witness intimidation violated Apprendi v. New Jersey, 530 U.S. 466 (2000).  This Court denied relief, and the denial was affirmed by the First Circuit.  Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003).  Sepulveda then moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); that motion was likewise denied and the denial affirmed on appeal.  Sepulveda thereafter filed a motion under Fed. R. Civ. P. 60(b) for relief from the judgment denying his § 2255 motion, which motion was denied by this Court.  See Memorandum and Order dated August 15, 2005 in George Sepulveda v. United States, CA No. 00-624-ML (D.R.I.).  The instant petition thus marks Sepulveda's fourth postconviction attempt to modify his federal sentence.

The instant matter was originally filed in the United States District Court for the Middle District of Pennsylvania (the "District Court"), where Sepulveda is confined, as a Petition for Relief under 28 U.S.C. §2241.  See George Sepulveda v. Joseph Smith, Civil No. 1:CV-04-2493 (M.D. Pa.).[2]  The District Court initially dismissed that petition, stating that the petition should have been brought under 28 U.S.C. § 2255.  Upon Sepulveda's motion,  the District Court reconsidered its decision and determined that a § 2255 motion to vacate may not be utilized by a federal prisoner who challenges only the restitution portion of his sentence.  See Sepulveda v. Smith, Civil No. 1: CV-04-2493, Order dated January 18, 2005, citing Blaik v. United States,

---

[2]    The original petition names Joseph Smith, Sepulveda's custodian, as respondent.  The Court does not address on the correctness of this, as it does not affect the result here.

161 F.3d 1341, 1342 (11th Cir. 1998).[3]  Thereafter, the District Court (Magistrate Judge Blewitt) – relying in part on a decision by another judge in that Court[4] – converted Sepulveda's § 2241 petition into a petition for writ of error coram nobis.  See id., Order dated January 21, 2005.

On March 31, 2005 the District Court ordered the case transferred to this Court, pursuant to 28 U.S.C. § 1404 (a).  See id., Order dated March 31, 2005 (M.D. Pa.) (adopting Magistrate Judge Blewitt's Report and Recommendation of same date).  The District Court did not reach the merits of Sepulveda's claim concerning the restitution portion of his sentence.

Sepulveda's petition in the instant case is based on two grounds:  (1) ineffective assistance of counsel at sentencing due to counsel's failure  (a) to object to this Court's imposition of restitution without making any factual findings concerning his ability to pay; and (b) to request that the Court clarify the term "joint and several" used when imposing the restitution obligation on him and his co-defendants;  and (2) ineffective assistance of appellate counsel in not raising these issues during Sepulveda's direct appeal.

## DISCUSSION

A.    Availability of Coram Nobis

The First Circuit has not addressed whether a petition for writ of error coram nobis may be used to obtain collateral relief of the restitution portion of a criminal sentence.  See United

---

[3]    Given his previous § 2255 motion, Sepulveda could not in any event have brought a new §2255 motion absent prior authorization from the appropriate court of appeals.  See 28 U.S.C. § 2244(b).

[4]    See Lara v. Smith, CA 4:04-CV-2491 (M.D. Pa. December 29, 2004) at *1, aff'd 2005 WL 1274627 (3d Cir. May 31, 2005), in which Judge McClure determined that a motion  to modify the restitution portion of a sentence could not be brought under either § 2255 or § 2241 but might be brought as a petition for writ of error coram nobis in the sentencing court.  The petitioner in that case, Giovanni Lara, was a co-defendant of Sepulveda in the underlying criminal trial in this Court.  Lara has filed with this Court a petition to modify his restitution order, raising claims almost identical to Sepulveda's.  See Lara v. United States, CA No. 05-287-ML.

States v. Sawyer, 239 F.3d 31, 38 (1st Cir. 2001) (assuming without deciding that writ of coram nobis is available "to vacate a criminal conviction premised upon a fundamental error of law"). See also United States v. Barrett, 178 F.3d 34, 54-55 (1st Cir. 1999), cert. den. 528 U.S. 1176 (2000) (writ of coram nobis is not available in lieu of §2255 remedy to a petitioner challenging his sentence based on Jencks Act).   However, at least one circuit has recognized that a writ of error coram nobis may be available to correct fundamental errors in the restitution portion of a sentence.  See Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997)(coram nobis may be used to challenge restitution if requirements of writ are met).  See also Kaminski v. United States, 339 F.3d 84,89-90 (2d Cir. 2003) (dicta by Calabresi, J. observing that coram nobis may be available in extraordinary circumstances to challenge non-custodial portion of sentence).

In view of these considerations, and given the characterization of the instant petition already made by the District Court, this Court will assume without deciding that the petition, construed as one for a writ of error coram nobis, properly raises Sepulveda's claims.  Those claims are in any event without merit and do not entitle him to the relief he requests.

A writ of error coram nobis may be issued only as an "extraordinary remedy" under circumstances that compel the issuance of the writ "to achieve justice."  United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247 (1954).  The writ of error or notice "is limited to 'those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'"  United States v. Michaud, 925 F. 2d 37, 39 (1st Cir. 1991), quoting United States v. Addonizio, 442 U.S. 178, 188, 99 S.Ct. 2235 (1979).

Determining whether to grant a writ of error coram nobis involves using a three-part test:

[A] petitioner must  1) explain her failure to seek relief from judgment earlier,  2) demonstrate continuing collateral consequences from the conviction, and  3) prove that the error is fundamental to the validity of the judgment.

United States v. Sawyer, 239 F.3d at 38, citing Hagar v. United States, 993 F.2d 4, 5 (1st Cir. 1993).

B.   Application to Claims Raised

Here, none of Sepulveda's claims come close to satisfying the prerequisites for coram nobis, and he fails to demonstrate any fundamental error which would render his sentence invalid.

1.   Necessity of Findings of Fact for Restitution

The  Victim and Witness Protection Act ("VWPA"), codified in pertinent part at 18 U.S.C. § 3663, requires a sentencing court to consider the economic circumstances of the defendant prior to ordering restitution.  See § 3663(a)(1)(B).  The Mandatory Victim Restitution Act ("MVRA"), enacted in 1996 as part of Antiterrorism and Effective Death Penalty Act (AEDPA), P.L. 104-132, title II, § 204(a), amended the VWPA and provides for mandatory restitution to victims of certain crimes, including murder, without any findings concerning a defendant's ability to pay.  See 18 U.S.C. § 3663A.  Congress intended that § 3663A "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which defendant is convicted on or after the date of enactment of this Act [April 24, 1996]."  See P.L. 104-132, § 211, as set forth in statutory note to 18 U.S.C. § 2248.

In his first claim, Sepulveda asserts that this Court should have made findings of fact concerning his ability to pay when imposing restitution.  Sepulveda further contends that because this Court did not make the required findings, it must have imposed restitution under the MVRA

-5-

and that the retroactive application of the MVRA to his criminal conduct, which occurred prior to its enactment, violated the Ex Post Facto clause of the United States Constitution.  The Government contends that restitution was properly imposed under the MVRA, which does not require any findings regarding a defendant's ability to pay restitution.

It is unnecessary in this case to determine whether the MVRA could be retroactively applied to Sepulveda's sentence, because even assuming that the VWPA applies, Sepulveda's claims do not warrant coram nobis relief.  See United States v. Licausi, 167 F.3d 36, 52 and n. 4 (1st Cir. 1999), cert. den. sub nom Durfee v. United States, 528 U.S. 827 (court addressed restitution issues under VWPA rather than MVRA, where "the result is the same under either version and thereby to allay any ex post facto clause concerns").[5]

First, Sepulveda asserts this claim in a petition filed more than seven years after sentencing  and more than four years after his conviction became final.  Even assuming that his counsel failed to request findings of fact concerning his ability to pay, Sepulveda was aware of the restitution order from the moment that it was imposed.  He makes no explanation as to why

---

[5]    The First Circuit has not had occasion to address directly whether the application of the MVRA to a restitution portion of a criminal sentence violates the Ex Post Facto clause.  The majority of the circuits that have addressed this issue have found that the retroactive application of the MVRA does violate the Ex Post Facto clause.  Compare United States v. Schulte, 264 F.3d 656, 662 (6th Cir. 2001) (because restitution is punitive in nature, the use of MVRA to impose restitution as part of sentence for criminal conduct committed prior to enactment of MVRA violated Ex Post Facto clause); United States v. Edwards, 162 F.3d 87 (3d Cir. 1998) (same); United States v. Siegel, 153 F.3d 1256, 1259-1261 (11th Cir. 1998) (same); United States v. Bapack, 129 F.3d 1320, 1327 n. 13 (D.C. Cir. 1997)(same); United States v. Williams, 128 F.3d 1239, 1241 (8th Cir. 1997); United States v. Baggett, 125 F.3d 1319, 1322 (9th Cir. 1997); and United States v. Thompson, 113 F.3d 13, 14 n. 1 (2d Cir. 1997)(same) with United States v. Newman, 144 F.3d 531 (7th Cir. 1998) (restitution deemed essentially a civil penalty and not criminal punishment; thus, application of MVRA did not violate Ex Post Facto clause); and United States v. Nichols, 169 F.3d 1255 (10th Cir. 1999)(same).

Cf. United States v. Rostoff, 164 F.3d 63 (1st Cir. 1999) (noting "the nature of restitution is penal, not compensatory" and thus Seventh Amendment right to jury trial does not apply to determinations of amount of restitution).

he has not raised this claim earlier.  Nor does he claim that he requested his counsel to demand that this Court make findings concerning his financial circumstances.

Second, Sepulveda has not shown any collateral consequences of the Court's imposition of restitution, apart from the continuing restitution obligation itself.  He does not allege, nor could he, that he is in danger of being held in contempt for failing to make restitution, given his incarceration.  Indeed, this Court recognized at sentencing that both Sepulveda and his codefendants who were made jointly liable for restitution to Jose Mendez's family would be incarcerated for lengthy periods of time.  See United States v. George Sepulveda, et al, CR No. 95-75-01-ML, Transcript of Sentencing Hearing conducted on September 22, 1997 ("Sent. Tr.") at 52.

Finally, there was simply no fundamental error in the Court's consideration of Sepulveda's financial resources and ability to pay restitution.  The law is well established in this circuit that under the VWPA a sentencing court need not make explicit findings that a defendant has the ability to pay the restitution ordered.  "Rather, 'it is sufficient if the record on appeal reveals that the judge made implicit findings or otherwise adequately evinced his consideration of those factors.' " United States v. Licausi, 167 F.3d at 52, quoting United States v Newman, 49 F.3d 1, 10 (1st Cir. 1995).  Accord United States v. Savioe, 985 F.2d 612, 618 (1st Cir. 1992).  The statute does not require a finding of ability to pay, but requires only that the sentencing court consider the defendant's financial resources as a factor in imposing restitution.  Newman, 49 F.3d at 10.  In addition, a court need not find that a defendant has the present ability to pay.  Id., citing United States v. Lombardi, 5 F.3d 568, 573 (1st Cir. 1993).

Here, this Court specifically stated at the sentencing hearing that it had reviewed the financial information provided by Sepulveda to the probation department and had taken into account Sepulveda's failure to provide financial support for his child in the past. See Sent. Tr. at 52. The Court noted that the restitution amount claimed by Jose Mendez, father of the victim, although not well documented, was supported in the record. This Court noted that although Sepulveda did not have a present ability to pay, in the event he acquired any income or assets, including income from any prison employment, such assets should go first to the family of the victims of his offenses. Id. at 52-53.

It follows that counsel's failure to request factual findings concerning Sepulveda's financial circumstances did not constitute ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), much less a fundamental error rendering the entire proceeding irregular. See Michaud, 923 F.3d at 39; United States v. Barrett, 167 F.3d 34, 56 n. 20 (1st Cir. 1999). Thus, Sepulveda is not entitled to coram nobis relief on this claim.[6]

2. Meaning of "Joint and Several" Restitution Obligation

In the course of imposing the restitution obligation at sentencing this Court stated: "On the restitution order, this defendant is jointly and severally liable with his codefendants Boyd, Perry and Davis." See Sent. Tr. at 53. Sepulveda claims that his counsel rendered ineffective assistance by failing to request that the Court explain what was meant by the term "joint and several." This claim suffers from the same failings as those listed above.

---

[6] Sepulveda's further claim, only briefly discussed, that this Court failed to conclude the amount of restitution ordered did not represent the losses caused by the offense of conviction (Sepulveda Petition at 4-5) is likewise without merit. Putting aside the fact that Sepulveda did not object at sentencing to the amount of restitution sought, to suggest that the funeral and burial expenses of the family of the victim Sepulveda was convicted of murdering were not losses caused by the offense of conviction is spurious.

As with his first claim, Sepulveda does not indicate any reason for not raising this issue earlier. The record does not reflect any doubt by Sepulveda concerning the meaning of the term at the time of sentencing. Moreover, he does not contend that he sought an explanation from his counsel or that the result would be any different had he received an explanation. Thus, counsel's failure to request an explanation from the Court as to the meaning of "joint and several" liability does not constitute ineffective assistance, see Strickland, 466 U.S. at 687-688, and this claim likewise does not come close to raising an error "of the most fundamental character" so as to justify relief under coram nobis. Michaud, 923 F.2d at 39; see Barrett, 167 F.3d at 56 n. 20.[7]

### 3.    Ineffective Assistance of Appellate Counsel

Sepulveda's claims as to the ineffective assistance of appellate counsel are based upon the same alleged errors as those he alleges were committed by his trial counsel at sentencing – i.e., failure to raise issues concerning (1) whether this Court made findings of fact concerning Sepulveda's ability to pay restitution; and (2) the need for the Court to explain the "joint and several" nature of the restitution obligation. In view of the disposition of Sepulveda's claims concerning trial counsel, these claims fail as well.[8]

The Court has reviewed Sepulveda's other arguments and finds them to be without merit.

---

[7]    Sepulveda's reliance on United States v. Hunter, 52 F.3d 489 (3d Cir. 1995), on this point is inaccurate and misplaced. Contrary to his assertion, the remand in Hunter was ordered not due to the Court's statement that restitution was to be joint and several with co-defendants but for other reasons. Indeed, the Court there observed that governmental "interests in justice and rehabilitation should allow a district court to impose joint and several liability [for restitution] on multiple defendants." Id. at 494 (citations omitted).

[8]    The Court notes that appellate counsel raised and argued numerous issues on Sepulveda's behalf in the course of his direct appeal. See generally, United States v. Lara, supra.

CONCLUSION

Sepulveda's claims do not come close to meeting the stringent requirements for a writ of error coram nobis.   Accordingly, his petition to modify the restitution portion of his sentence, construed as a petition for a writ of error coram nobis, is hereby DENIED.

So Ordered:

_Mary M. Lisi_
Mary M. Lisi
United States District Judge
January 19, 2006

-10-