05-138
USDC/R.I.
Lisi, M.

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 06-1263

GEORGE SEPULVEDA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

No. 06-1343

TERRENCE BOYD,

Petitioner, Appellant.

v.

UNITED STATES,

Respondent, Appellee.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

**JUDGMENT**
**Entered: September 13, 2006**

Co-defendants George Sepulveda and Terrence Boyd appeal from the district court's denial of their petitions for writ of error *coram nobis*. The petitions challenged the restitution aspect of their sentences, ordering them to pay $40,000 to the family of Jose Mendez, the victim of the murder offense of which Sepulveda and Boyd were convicted. They were made jointly and severally liable for payment of the $40,000, with four co-defendants. This is the latest in a series of collateral attacks upon his conviction and sentence since they were imposed almost ten years ago.

"Collateral attack on a judgment by common law writ of error *coram nobis*, preserved by the All Writs Act, 28 U.S.C. § 1651(a), is limited to 'those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid.'" United States v. Michaud, 925 F.2d 37, 39 (1st Cir. 1991); see also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) ("coram nobis, while still available, is an 'extraordinary remedy' allowed 'only under circumstances compelling such action to achieve justice'") (quoting United States v. Morgan, 346 U.S. 502 (1954)). The following three-part test applies to requests for *coram nobis* relief:

> a petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment.

Id. at 38. Because we agree with the district court that the petitioners have not met the third prong of this test, we need not decide whether the writ would ever be an available means for an incarcerated petitioner to challenge the restitution aspect of his sentence.

The fundamental error claimed by petitioners is ineffective assistance by trial and appellate counsel for not objecting to the sentencing court's alleged failure to 1) make the requisite factual findings in support of the restitution order, specifically the "loss amount," 2) apply the appropriate version of the restitution statute to his offense, and 3) explain the meaning of "joint and several" liability for the restitution amount.

Under the Victims Witness Protection Act (VWPA), in effect at the time that the offense was committed and the statute which petitioners contend ought to have governed the court's imposition of restitution in this case, the sentencing court "shall consider the amount of the loss sustained by any victim as a result of the offense." 18 U.S.C. § 3664. Both the 1994 and current versions of the relevant statute authorize the court, in instances where the offense resulted in death of a victim, to order restitution in "an amount equal to the cost of necessary funeral and related services." 18 U.S.C. § 3663(b)(3).

The sentencing transcript indicates that the court considered the amount of loss, and specifically, the "testimony from the mother of Jose Mendez in this case as to the efforts that she made to have the body transported [to New York and to the Dominican Republic] and waked." "[T]he absence of express findings is not fatal in cases in which the record clearly indicates that the court gave thought to the requisite factors." United States v. Savoie,

985 F.2d 612, 618 (1st Cir. 1993).

Petitioners also pursue on appeal their claim that the sentencing court erred in failing to explain its imposition of "joint and several" liability for the restitution amount. In support of this claim, petitioners rely upon United States v. Hunter, 52 F.3d 489 (3d Cir. 1995). There, the Third Circuit reversed and remanded a sentence, including an order of restitution, for the district court to make factual findings as to the amount of restitution that the defendant could realistically be expected to pay. Id. at 495. In so ruling, the Third Circuit noted that the imposition of "joint and several" liability for restitution was unclear in light of the fact that "the amount of restitution ordered for each defendant is different." Id. at 494. In this case, by contrast, the amount of restitution for the defendants was the same: $40,000. Therefore, there was no lack of clarity as to the meaning of joint and several liability for the restitution amount.

Petitioners have failed to demonstrate that the sentencing court abused its discretion in imposing restitution, much less that failure to object to the restitution order amounted to ineffective assistance of counsel. Assuming without deciding that the writ of *coram nobis* is available to challenge the restitution order, we agree with the district court that petitioners' claims did not rise to the level of "fundamental errors," as required under the third prong of the *coram nobis* test.

The district court's judgments denying Sepulveda's and Boyd's petitions for writ of *coram nobis* are affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

[signature]

**Deputy Clerk**

**Date:** 11/6/06

[cc: George Sepulveda, Daryl F. Bloom, AUSA, Michael P. Iannotti, AUSA, Terrence Boyd]